a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RAVI KUMAR, Petitioner | CIVIL DOCKET NO. 1:20-CV-00971-P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| WARDEN, *ET AL.*, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Ravi Kumar ("Kumar") (A#203676790). Kumar is a detainee in the custody of the Department of Homeland Security ("DHS") and Bureau of Immigration and Customs Enforcement ("ICE") housed at Lasalle Correctional Center. Kumar alleges, in part, that his custody is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 1 at 6.

Because Kumar failed to comply with the Court's Order to amend his Petition (ECF No. 3), the Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

I. **Background**

Kumar is a native and citizen of India. ECF No. 1 at 7. Kumar seeks a release from custody because he has allegedly been in post-removal order detention since November 21, 2019. ECF No. 1 at 2.

Kumar was ordered to amend his Petition by September 11, 2020 to provide additional facts in support of his claim. ECF No. 3.

## II. Law and Analysis

A district court may dismiss an action for the plaintiff's failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Kumar has failed to comply with the Court's Order (ECF No. 3) to amend his Petition, and he has not requested an extension of time within which to comply.

## III. Conclusion

Because Kumar has failed to comply with the Court's Order (ECF No. 3), IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE under Rule 41(b) of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed,

unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Friday, September 25, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE